## The Harrisburg and Potomac Railroad Co. *versus* Peffer.

## Same *versus* Martin.

Damages for the taking of property by a railroad company arise by an act of appropriation under the state power of eminent domain, and do not rest in contract, express or implied, and the railroad company is not entitled, therefore, to a stay of execution under the provisions of the Act of 16th of June 1836.

May 14th 1877.   Before AGNEW, C. J., SHARSWOOD, MERCUR, GORDON, PAXSON, WOODWARD and STERRETT, JJ.

Certiorari to the Court of Common Pleas of *Cumberland county :* Of May Term 1877, Nos. 7 and 8.

These were two proceedings in the court below wherein Lafayette Peffer was plaintiff in the one and George Martin in the other, and the Harrisburg and Potomac Railroad Company the defendant in both.

The cases were thus.   Upon the petition of plaintiffs the Court of Common Pleas appointed seven freeholders to assess the damages to plaintiffs' property, by reason of the location and construction of defendant's railroad.   Viewers were appointed, who awarded damages to both plaintiffs and judgments were entered upon the awards. Immediately thereafter the defendant entered bail for a stay of execution before the prothonotary, who approved the same.   The plaintiffs, however, issued writs of fi. fa. on the judgments, and the defendant then asked for a rule to show cause why these writs should not be set aside.   Rules were granted, and after argument were discharged by the court, on the ground that there was no law which entitled the defendant to a stay of execution in cases of this kind.

This action of the court was assigned for error.

It was alleged by defendant that the awards of the viewers were not confirmed by the court, but no exceptions thereto were of record.

[Harrisburg & Potomac Railroad Co. *v.* Peffer.]

*W. H. Miller*, for plaintiff in error.—Under the provisions of the third section of the Act of 16th of June 1836, Purd. Dig. 634, pl. 4, "in all actions instituted by writ for the recovery of money due by contract, or of damages arising from breach of contract," stay of execution is allowed by giving security. This process is for the recovery of money. The Act of Assembly allows a railroad company to locate its road on the land of the citizen on an implied contract that it will pay him the value of the land, &c., and the duty of viewers is simply to ascertain this value the act recognises as a debt.

*F. F. Beltzhoover* and *A. B. Sharpe*, for defendants in error.— No such inference as that contended for by plaintiff in error can be drawn from the Act of Assembly. The very section of the act to which his argument refers shows that the company and the owners cannot agree, and that the company by virtue of its right of eminent domain has entered and the process of the court been invoked to fix the damages about which they could not agree.

The judgment of the Supreme Court, was entered May 21st 1877,

PER CURIAM.—The question of the regularity of the judgment upon the award of damages was not raised in the court below. It is simply technical, and if made below would have been amended.

The next question brought up here is the right of the railroad company to have a stay of execution under the Act of 16th June 1836, sect. 3. That act applies to the recovery of money due by contract, or of damages arising from a breach of contract. Damages for the taking of property by a railroad company does not rest in contract express or implied. It arises by an act of appropriation under the state power of eminent domain. It is an exercise of power which the individual cannot resist, if prosecuted according to the constitution and law of the state. The owner of the property has no voice in the taking, except to demand that his property shall not be taken without payment or security as required by the constitution. But the entry of the company is a seizure, and an appropriation to the use of the company which needs no consent to give it efficacy, if the conditions of the constitution and law be complied with. Nor is there any reason why the railroad company should demand a postponement of payment, when it has acquired possession by its own seizure. Payment may have to, does often wait, on the necessary proceeding to liquidate the damages; but this done, postponement of payment is in derogation of the constitutional right of the citizen, and the law should not be expounded to cover such a case, beyond its literal terms.

Execution affirmed in each case.